IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONNA CROCKER,

                                                           OPINION AND ORDER

                  Plaintiff,

                                                            13-cv-269-bbc

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal of an administrative decision denying plaintiff Donna Crocker's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income.  Plaintiff alleged that she suffered from a number of impairments, including lower back pain, but the administrative law judge concluded that she was not disabled because she retained the ability to perform her previous job as a machine operator, as well as other sedentary jobs such as order clerk, office helper and sorter.

      All of plaintiff's arguments on appeal relate to the administrative law judge's handling of the opinions of plaintiff's treating physician.  In particular, plaintiff says that the administrative law judge rejected many of these opinions improperly and then "played doctor" by modifying another opinion.  Because I disagree with each of these arguments, I am affirming the decision.

1

OPINION

The administrative judge considered four opinions given by plaintiff's treating physician, Margaret Grenisen. A treating physician's opinion is entitled to controlling weight if it is "well supported by medical findings and not inconsistent with other substantial evidence in the record." Gudgel v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2)). Even when the treating physician's opinion is not entitled to controlling weight, the administrative law judge must give a "sound explanation" for rejecting the opinion. Punzio v. Astrue, 630 F.3d 704, 709-10 (7th Cir. 2011). Plaintiff argues that the administrative law judge did not give a sound explanation for rejecting some of Grenisen's opinions and modifying others.

With respect to Grenisen's April 20, 2010 assessment, the administrative law judge wrote the following:

> Dr. Grenisen opined that the claimant should be excused from work activities for a two-month period as further work-up was conducted on her chronic pain complaints. I do not accord any weight to this temporary restriction. I also note that such a determination that the claimant is unable to work at all is one reserved to the Administration to make pursuant to 20 CFR 404.1527 and 416.927.

AR 50.

Plaintiff devotes multiple pages of her opening brief to criticizing the administrative law judge's reliance on the proposition that determinations about a claimant's ability to work are reserved to the commissioner. However, she also states that the administrative law judge "may be justified in rejecting temporary restrictions." Plt.'s Br., dkt. #11, at 25. To the extent that plaintiff is not conceding the point that the administrative law judge was entitled

2

to reject the opinion because it was a temporary restriction, she has forfeited it by failing to develop her argument. Fednav International Ltd. v. Continental Insurance Co., 624 F.3d 834, 841 (7th Cir.2010) ("[A] party who fails to adequately present an issue to the district court has waived the issue for purposes of appeal."). See also Anderson v. Barnhart, 175 F. App'x 749, 755 (7th Cir. 2006) (rejecting temporary restriction as evidence of disability).

With respect to Grenisen's June 27, 2011 assessment, the administrative law judge gave it little weight because it

> was completed for child support purposes, not social security purposes. Moreover, although Dr. Grenisen stated that the claimant would only be able to work about 4 hours a day, this seems to be pure speculation. There is no evidence that the claimant has participated in any formal physical capacity evaluation and Dr. Grenisen acknowledges that the claimant consistently has failed to follow through with treatment modalities.

AR 50-51. The only opinion in June 27, 2011 assessment that plaintiff discusses is the one mentioned by the administrative law judge, which is that plaintiff could not work more than about four hours a day. One of the reasons the administrative law judge gave for rejecting that limitation is that it "seems to be pure speculation." Plaintiff acknowledges that the administrative law judge does not have to give any weight to a medical opinion that is not supported by the record. SSR 96-2p ("A case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion."). Even now, however, plaintiff does not point to any evidence in the record that supports a four-hour workday limitation. Accordingly, plaintiff has forfeited this point as well.

With respect to Grenisen's assessments on February 6 and 7, 2012, the administrative law judge wrote the following:

3

While I accord great weight to the first assessment completed on February 6, 2012 and find that it is consistent with the residual functional capacity I have formulated, I give the assessment completed the following day much less weight.

On February 6, 201[2], Dr. Grenisen completed a questionnaire indicating that the claimant could lift up to 10 lbs. frequently and up to 20 or 30 lbs. occasionally. She stated that the claimant would require four 5 to 10 minute breaks each workday. Dr. Grenisen cautioned that the claimant would have trouble focusing as well as interacting in large groups of people due to her psychological impairments (Exhibit 19F). Although I find that the claimant is limited to sedentary exertion instead of light exertion because of her standing limitations, I accord controlling weight to Dr. Grenisen's assessment that the claimant would require 4 short, unscheduled breaks during the workday. I find that this can be accomplished during the claimant's regular work breaks which would generally exceed 5 or 10 minutes on each occasion as well as with her ability to be off-task about 10% of each workday. I note that while the claimant's representative suggested in a hypothetical to the vocational expert that the claimant would need to be away from her workstation during these breaks, this is not indicated in Dr. Grenisen's assessment.

On February 7, 2012, Dr. Grenisen completed another assessment which I give much less weight to. Dr. Grenisen qualified much of her assessment with statements indicating that this assessment was based upon the claimant's subjective reports rather than upon objective medical findings. For instance, she stated that she was mentioning some limitations "by her report," that is, relying upon the claimant's statements. Moreover, I also considered the impreciseness of this report from Dr. Grenisen. For example, she noted that the claimant's hepatitis C treatment might cause work limitations and she suspected that she might have trouble operating machinery due to her reports of inattentiveness (Exhibit 21F). While I note that this report is essentially a narrative reciting the claimant's own reports of her capabilities, I find that it is essentially consistent with the claimant's residual functional capacity.

Plaintiff takes issue with the administrative law judge's decision to give great weight to Grenisen's February 6 opinion, but then "translate" Grenisen's finding that plaintiff needs four unscheduled breaks into a limitation that plaintiff would be off task about 10 percent of the time. I agree with plaintiff that it is puzzling why the administrative law judge

4

modified the limitation without explaining his reasons for doing so. However, regardless of the reason, the question raised by plaintiff's argument is whether the modification unfairly prejudiced her somehow. After all, a finding that plaintiff would be off task 10 percent of the time would subtract approximately 50 minutes of productivity from an eight-hour work day while four ten-minute breaks would subtract 40 minutes of productivity. Thus, with respect to productivity, the administrative law judge's modification made the limitation *more* restrictive than what Grenisen found.

Plaintiff's only response to this is to point to the testimony of the vocational expert. When the administrative law judge asked the expert about jobs for someone who would be off task 10 percent of the time, the expert testified that jobs would be available. AR 29. However, when plaintiff's counsel asked the expert about jobs for someone who had to take four unscheduled breaks during the work day, the expert testified that no jobs would be available. AR 31.

The vocational expert did not explain the reason for the different opinions, but the parties seem to agree that the difference comes down to whether plaintiff would need to leave her work station during her unscheduled breaks. If she does, then the administrative law judge's limitation is insufficient, at least under the view of the vocational expert. Again, it is not clear why an employer would be less accommodating of an employee who was away from her workstation than an employee who was off-task for a similar amount of time. Either way, the employee is not working. However, neither the administrative law judge nor the parties have challenged the vocational expert's view on this point.

In his decision, the administrative law judge stated that "while the claimant's representative suggested in a hypothetical to the vocational expert that the claimant would need to be away from her workstation during these breaks, this is not indicated in Dr. Grenisen's assessment." AR 51. Plaintiff does not directly dispute the administrative law judge's observation, but she argues that at least one reasonable interpretation of Grenisen's opinion supports a contrary view. In particular, plaintiff cites Grenisen's February 7, 2012 assessment, which included the following discussion:

> [Plaintiff] reports some increased discomfort with prolonged static positions, She believes that she could sit comfortably for approximately 30 minutes, but then would require a change of positions and could probably stand 30-45 minutes in a period of time. She thinks if she was allowed to have frequent breaks that she probably could sit at least 6 hours during a day and standing with breaks perhaps 4 hours. . . . It is assumed that she will need more breaks throughout a normal 8-hour work day and that her discomfort would likely be relieved with a short break of 5-10 minutes 4 or 5 times a day.

AR 651.

The administrative law judge gave "much less weight" to the February 7 assessment in part because it relied on plaintiff's subjective complaints. Bates v. Colvin, 736 F.3d 1093, 1100 (7th Cir. 2013) ("[W]here a treating physician's opinion is based on the claimant's subjective complaints, the ALJ may discount it."). However, the administrative law judge does not acknowledge in his decision that Grenisen's opinions in her February 7 assessment essentially are the same opinions in February 6 assessment to which he gave "great weight." The primary difference is that Grenisen explained her opinion in her February 7 assessment rather than just checking boxes and stating conclusions as she did in her February 6 assessment.

6

Regardless whether the administrative law judge should have treated the February 6 and February 7 assessments the same, I agree with the administrative law judge and the commissioner that plaintiff has not pointed to any basis for concluding that plaintiff needs to leave her workstation during her unscheduled breaks. In the document plaintiff cites, Grenisen's only reason for imposing the restriction regarding breaks was that plaintiff needed to "change . . . positions" on a regular basis. Grenisen did not say that plaintiff needs to walk around and plaintiff cites no other evidence that would support such a restriction. Accordingly, I conclude that the administrative law judge did not make a reversible error when he modified the limitation at issue as he did.

The parties debate the administrative law judge's handling of Grenisen's February 7 assessment as well, but the only prejudice plaintiff identifies is the administrative law judge's failure to incorporate Grenisen's opinion that plaintiff needs four unscheduled breaks. Because that is simply a reiteration of plaintiff's argument regarding the February 6 assessment, it is unnecessary to discuss that issue again.

ORDER

IT IS ORDERED that plaintiff Donna Crocker's motion for summary judgment is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor of

defendant and close this case.

Entered this 13th day of February, 2014.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge